STEAMBOAT BEARDSTOWN, Respondent, *vs.* GOODRICH & OSBORNE, Appellants.

1. Under the 35th section of the act concerning boats and vessels, (R. S. 1845,) one of several part owners of a steamboat may sue in the name of the boat.

*Appeal from St. Louis Circuit Court.*

*P. C. Morehead,* for appellants.

*H. N. Hart,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The only question in this case, calling for the determination of this court, is one arising on the construction of the statute concerning boats and vessels.

The defendants below, appellants here, contend, that one part owner of a boat cannot sue in the name of the boat, but that all the owners must unite.

The 35th section of the above statute declares, that " any boat or vessel may institute suit in the name of such boat or vessel, through the owner, master, agent, or consignee thereof, for all freights due to such boat," &c.

The suit is in the name of the boat or vessel. An agent, a consignee, a master, or owner may sue. Now, the appellants contend, that all the owners must unite to sue. Why? The suit is not in their name. The plaintiff is the boat. Why cannot an owner put the suit in motion as well as an agent or consignee? There is nothing to prevent his doing so in the

10—VOL. XVI.

statute. We are of the opinion, that this point is clearly against the appellants.

This is the main question in the case, and the instructions refused bear on this, and the one given to the jury is in relation to this.

The other question about the garnishment, was properly decided below.

Upon the whole record, there is nothing requiring the interference of this court. The judgment of the court below is affirmed, the other judges concurring.